HARDY, Judge. .
This is a suit in which plaintiff seeks to collect: a balance of $215,00 alleged to be due as c.ohsideration -for a correspondence course furnished defendant under the terms ■and provisions of a written contract. After trial there was judgment in favor of plaintiff and against defendant for the amount claimed with 5% interest from October 15, 1945, until paid. From this judgment defendant has appealed.
The facts are that sometime in July, 1945, defendant mailed a postcard inquiry with respect to plaintiff’s correspondence course. Following up this evidence of interest on the part of defendant, plaintiff had one of its representatives contact defendant sometime during the latter part of August, 1945, and. as a result defendant signed, a printed contract which provided for his enrollment in plaintiff’s “Modern Business Course and Service” to extend over a period of two years, which included certain- texts and other study materials specifically provided in the contract. As consideration defendant obligated himself to pay the sum of $225.00 on terms of $10.00 cash, which was paid to plaintiff’s representative at the time of the execution of the agreement, and $8.00 monthly beginning October 15, 1945.
The defense is based upon two points. First, lack of consideration, and, second, a so-called “conditional delivery” of the contract.
In support of the defense of failure of consideration defendant claims, and so testified, that he. did not receive the material specified in the.contract, which testimony is uncontroverted. In this connection it is established that at the time defendant moved rather frequently from place to place in the course of the occupation ■ in which he was engaged.
The record contains depositions of certain officials and employees of plaintiff, namely, the Assistant Sales Manager, the Director of Service, the Credit Manager and the head of the Shipping and Mailing Department. , These depositions indicate that the material specified in the contract was duly mailed to defendant at the address-set forth in.the written agreement. However, we note some discrepancy in the testimony ■ a'nd in exhibits bearing on this point. The - ■ record contains an “office memorandum” tendered on behalf of plaintiff dated 9-4-45, and bearing the penciled *73 notation “Complete set of texts shipped today to
Mr. Isaac G. Wise
2259 Washington Avenue
Cincinnati 12, Ohio.”
A point which may or may not be significant, but which is obvious from an examination of the memorandum,, indicates that the address on the above notation was inscribed with a different pencil from the one used in the -remainder of the memorandum. Additionally, we note in plaintiff’s copy of letter of September 6, 1945, directed to defendant, the statement: “The carton containing your set of text volumes has been forwarded to you.”
But in the copy of plaintiff’s letter dated January 10, 1946, directed to defendant, the statement is made: “The text volumes were shipped on September 1st.” And in the copy of plaintiff’s letter of February 4, 1946, directed to defendant, we find the statement: “I understand -from our Mailing Department that the carton and the package were mailed to you on September * * *.»
In view of the contradictory statements above noted, which must be construed against plaintiff, there must remain, some question as to whether the texts were actually properly mailed at all, and there is a quite evident uncertainty on the part of plaintiff, its officials and employees, as to when they were mailed.
Additionally, the record is -convincing on the point that plaintiff was notified by defendant of his failure to receive the material, and there is not the slightest showing in the record that plaintiff made any effort to trace the shipment or to attempt to establish the fact of delivery or to. procure subsequent delivery. On the other hand defendant did attempt to trace the shipment and his efforts in this direction indicated that no delivery had been made at the address to which the shipment, according to plaintiff, was directed. Under the circumstances we think there was at least an equal obligation upon plaintiff to make some reasonable effort which might have resulted in delivery of the miscarried shipments to the defendant. It is not inco-n-ceivable to speculate that plaintiff, since de--fendant appeared to be without fault, as an equitable" gesture, might have offered to' replace the missing texts and materials. But plaintiff did nothing, choosing to rely upon a contractual obligation and to expect payment from defendant of a monetary consideration for which he received nothing.
Considering the serious conflicts and contradictions of fact which are evident in plaintiff’s presentation of its claim, we are persuaded that it has not made out its case with that certainty and by that pre-: ponderance of evidence which is required.
It follows, for the reasons stated, that the judgment appealed from should be reversed and set aside and it is so ordered, and there is judgment in favor of defendant rejecting plaintiff’s demands at its cost.